# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CitiMortgage, Inc.,<br><br>　　　　Plaintiff<br><br>　　　v.<br><br>Villa Del Oro Owners' Association, Inc., et al.,<br><br>　　　　Defendants | Case No.: 2:13-cv-02040-JAD-VCF<br><br>**Order Granting Ex Parte Application for Temporary Restraining Order [Doc. 3] in Part and Setting Hearing on Preliminary Injunction** |

　　　Before the Court is Plaintiff CitiMortgage's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction. Doc. 3. CitiMortgage asks for a temporary restraining order that prevents the sale of real property at 4492 Del Oro Drive, Las Vegas, NV 89102 ("the Property"), scheduled for 2:00 p.m. today. Doc. 3 at 1–2. For the reasons set forth below, the Court grants the request for temporary restraining order and sets a hearing on the Motion for Preliminary Injunction for Tuesday, November 20, 2013 at 2:00 p.m.

　　　Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. It allows the Court to issue a temporary restraining order without notice to the adverse party or to its attorney if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b). The Ninth Circuit applies two tests for injunctive relief. Under the traditional test, the movant must show: (1) a likelihood of success on the merits, (1) a likelihood of

irreparable harm absent preliminary relief, (3) that a balance of equities favors the movant, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005) (citation omitted). The alternative analysis requires plaintiffs to meet their burdens by showing "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* (citation omitted) (internal quotation marks omitted).

CitiMortgage indicates that it is the beneficiary on a Deed of Trust for the Property that was recorded November 10, 2003. Doc. 3 at 3; Doc. 3-1 at 2. Villa Del Oro Owners' Association ("the HOA") recorded a Notice of Delinquent Assessment Lien ("HOA loan") on November 7, 2012. Doc. 3 at 3; Doc. 3-2 at 2. Alessi & Koenig recorded a Notice of Default and Election to Sell on February 19, 2013, Doc. 3-3 at 3, and a Notice of Sale on October 10, 2013, on behalf of the HOA. Doc. 3 at 4; Doc. 3-3 at 2; Doc. 3-6 at 2. CitiMortgage has asked Alessi & Koenig to accept a payment of $1,800[1] or another negotiated amount for the super-priority portion of the HOA loan, in exchange for Alessi & Koenig executing a Notice of Partial Release of Lien that would be recorded to put potential buyers on notice that the super-priority portion of the loan was released. Doc. 3 at 4; Doc. 3-7 at 2–3. CitiMortgage indicates that Alessi & Koenig rejected the $1,800 check but thereafter went silent. Doc. 3 at 5; Doc. 3-8 at 1. CitiMortgage asks the Court to restrain today's foreclosure sale until the parties' respective interests can be determined. Doc. 3 at 2–3, 5.

The Court finds that Plaintiff has rasied serious questions and the balance of hardships tips in Plaintiff's favor. *See Beardslee*, 395 F.3d at 1067. CitiMortgage has demonstrated a good faith effort to pay Alessi & Koenig and satisfy the lien, thus avoiding the foreclosure sale. Doc. 3-7 at 2. CitiMortgage requested that Alessi & Koenig "provide the HOA's calculation of the super-priority portion of the Lien for Citi's consideration" if it disputed the $1,800 offered amount, but Alessi & Koenig merely rejected the $1,800 payment without further discussion. Doc. 3-7 at 2. Plaintiff has demonstrated by affidavits and exhibits a good faith effort to resolve this lien dispute and prevent the

---

[1] This amount was calculated by multiplying nine months times $200, which was "the monthly rate at the time the Lien was recorded." *See* Doc. 3-7 at 2.

non-judicial foreclosure, and Alessi & Koenig's methods raise serious questions that should, as a matter of equity, be resolved before a foreclosure sale.  The Court further finds that the issuance of a temporary restraining order will create little to no hardship for Alessi & Koenig and that the balance of hardships tips sharply in Plaintiff's favor.

Accordingly, and with good cause appearing:

It is hereby **ORDERED** that the Ex Parte Application for Temporary Restraining Order **[Doc. 3]** is **GRANTED in part** and that Defendants are temporarily restrained from conducting a sale of the Property located at 4492 Del Oro Drive, Las Vegas, NV 89102 until the motion for preliminary injunction can be heard and decided;

It is further **ORDERED** that Plaintiff shall post an $1,800 bond no later than 4 p.m. on Thursday, November 7, 2013, as security for the issuance of this Temporary Restraining Order;

It is further **ORDERED** that the Court will hold a hearing on Plaintiff's Motion for Preliminary Injunction [Doc. 3] on **Wednesday, November 20, 2013 at 2:00 p.m.** in Courtroom 6D, in the United States District Court, District of Nevada, located at 333 S. Las Vegas Blvd., Las Vegas, Nevada, 89101;

It is further **ORDERED** that Plaintiff immediately shall notify all other parties of the hearing and shall forthwith serve Defendants with any documents presently on file in this action, specifically including the Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction [Doc. 3], together with a copy of this Order;

It is further **ORDERED** that any Response to the Motion for Preliminary Injunction shall be due on or before Monday, November 11, 2013, and any Reply shall be due on or before Friday, November 15, 2013.

DATED November 6, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

3